### GALE REALTY CORPORATION v. BOWLES, Price Adm'r.

### No. 75.

United States Emergency Court of Appeals.

Heard at Philadelphia Oct. 27, 1943.

Decided Dec. 16, 1943.

Aaron Heller, of Passaic, N. J., for complainant.

Sol M. Linowitz, Chief, Court Review Rent Branch, of Washington, D. C. (George J. Burke, General Counsel, Nathaniel L. Nathanson, Associate General Counsel, and Morton Meyers, Maurice Alexandre, and Nancy Fraenkel Wechsler, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

The complainant is the owner of two four-story brick apartment houses in Hackensack, New Jersey, each having 38 residential apartments. The properties were acquired by the complainant from the Citizens Trust Company, trustee for bondholders, on April 28, 1942. When acquired they were in a rather dilapidated condition. The total gross monthly rental for the 76 apartments on March 1, 1942 was $3,123.

Following acquisition and in accordance with an understanding with the New Jersey Realty Company from which a mortgage loan had been secured the complainant proceeded to make certain repairs to the properties at a cost of $7,584. The work done included painting and decorating the hallways, painting the ironwork on the stairs, painting all exterior windows and doors, cleaning and painting all fire escapes, generally painting every part of the interior and exterior of the building which did not relate to any particular apartment, repairing the plaster on the ceiling and walls in each individual apartment wherever necessary, repairing and repointing bathroom tile wherever necessary, installing new window frames, saddles and doors where necessary, repairing the front entrances, replacing the front steps, repairing the roofs, installing two new sewer lines to better drain the cellars, repairing various valves and leaks in the refrigerating systems, and placing locks on the front doors of the apartment houses. In addition the complainant repainted and redecorated 11 of the 76 apartments and purchased a rug which it placed in the vestibule of one of the apartment houses.

On June 30, 1942 the Price Administrator issued Maximum Rent Regulation No. 28 (7 F.R. 4913) for the Northeastern New Jersey Defense-Rental Area in which Hackensack is located. The regulation fixed March 1, 1942, as the maximum rent date. Asserting that the work which we have described constituted a major capital improvement to its properties the complainant filed with the Rent Director of the Northeastern New Jersey Defense-Rental Area a petition for an upward adjustment of the maximum rentals for each of the apartments in its buildings. This petition, which was filed pursuant to Section 5(a) of Maximum Rent Regulation No. 28, was denied by the Regional Director. The complainant thereupon filed a protest against this action, which was denied on July 16, 1943, by the Regional Administrator. On August 5, 1943 the complainant filed its complaint in this court.

Section 5(a) (1) of the Maximum Rent Regulation provides that a "landlord may file a petition for adjustment to increase the maximum rent otherwise allowable" on the ground that "There has been on or after the effective date of regulation a substantial change in the housing accommodations by a major capital improvement as distinguished from or-

498

dinary repair, replacement and maintenance." Since the complainant's petition was filed under the regulation the complainant must bring itself within the terms of the regulation in order to obtain relief. Armour & Co. of Delaware v. Brown, Em.App.1943, 137 F.2d 233. Accordingly the question for our consideration is whether it was unreasonable for the Administrator to hold, as he did, that the complainant had failed to prove that the work which it had done upon its properties constituted a major capital improvement rather than ordinary repair, replacement and maintenance. We are satisfied that the Administrator was not unreasonable in so holding. On the contrary we agree with the statement of the Regional Administrator in his opinion "that the work done consisted of no more than ordinary maintenance and repair such as is necessary for the preservation of the premises."

The complainant urges, however, that the work actually done is but a part of a comprehensive program for the complete rehabilitation of the properties. It says that this program involves repainting and redecorating all the apartments and the repair and restoration to use of the communication system which has not recently been operating. It is the contention of the complainant that when all this work is done its apartment houses will have been so completely rehabilitated as to bring the apartments into a higher rental range and that the entire work, both that completed and that still in prospect, must, therefore, be deemed to constitute a major capital improvement. The complainant's further contention is that the Administrator should have considered its whole program in passing upon its petition.

■ The Administrator concedes in his argument and has previously stated in a published Interpretation of Section 5(a) (1) of the Rent Regulation (Pike & Fischer O. P. A. Service, p. 200: 1481) that a complete rehabilitation involving a general modernization and reconstruction of a property may if it makes the property attractive in a different rental range constitute a major capital improvement, within the meaning of the regulation even though the individual items involved would, if considered separately, be normal repair, replacement and maintenance. It may be that complainant's program of rehabilitation, when completed, will constitute a major capital improvement. The complainant's

difficulty, however, is that it has not completed this rehabilitation program, whereas the regulation authorizes rent adjustment by reason of a major capital improvement only if it has been actually completed. In the present case, while a substantial amount of outside and inside repairs have been completed only 11 of the 76 apartments have been repainted and redecorated. Under these circumstances it cannot be said that the complainant's buildings have as yet received such a complete rehabilitation as would amount to a major capital improvement.

■ When the complainant's rehabilitation program is completed it may well become entitled to an adjustment of its rents if it can then show that its apartments have by reason of the complete rehabilitation of the apartment houses been placed in a higher rental range. In this connection we note that the Administrator is prepared upon a proper showing to give the complainant an advance opinion as to this, for in his published Interpretation of Section 5(a) (1) he states: "A landlord who is in doubt whether a proposed change in his property will constitute a major capital improvement within the meaning of Section 5(a) (1) may request an advance opinion on this question by the Area Rent Director. Such an advance opinion can be given only if substantial reasons are shown for the request and only after submission of complete specifications and estimates of the cost of the work to be done * * *" (Pike & Fischer O. P. A. Service p. 200: 1482).

■ As an alternative basis for relief the complainant now asserts, although it did not do so in its original petition, that the painting and decorating which it has done constitute a substantial increase in the services provided with its housing accommodations subsequent to the maximum rent date, within the meaning of Section 5(a) (3) of the Maximum Rent Regulation. The complainant's position is that prior to its acquisition of the properties there was no agreement by the former owner with the tenants to repaint and redecorate the apartments and that it is now providing this additional service for them.

While the record indicates that there was no obligation on the part of the former owner in this respect the Administrator was fully justified in his finding that it was the practice of the former owner to repaint the apartments and to make other

repairs whenever it was thought by the owner to be necessary to do so. This clearly appears from the complainant's own evidence. We see no difference in this respect between the conduct of the prior owner and of the present complainant since the complainant does not assert that it has any obligation to the tenants to do the work which it is now doing. On the contrary it seems quite reasonable to conclude, as the Regional Administrator did, that the work has been done in order to preserve and protect its investment in the properties.

The complainant also asserts that it has provided the services of two superintendents for its apartment houses instead of one and that it has converted the former oil heating systems to coal. These changes it says also afford an increase in services to its tenants. We find no evidence, however, that these changes involve such a substantial increase in services to the tenants as would justify an increase in the maximum rents.

We conclude that the Administrator was not unreasonable in his determination that the complainant has not brought itself within either clause (2) or clause (3) of Section 5(a) of the Maximum Price Regulation. His action in denying complainant's petition was, therefore, neither arbitrary nor capricious.

The complaint is dismissed.